UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julia Vega,<br><br>         Plaintiff,<br><br>v.<br><br>Honeywell International, Inc.,<br><br>         Defendant. | Case No.: 19-cv-00663-BEN-BGS<br><br>**ORDER DENYING JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINE**<br><br>**[ECF NO. 11]** |

On October 10, 2019, the parties filed a Joint Motion for Extension of Discovery Deadline (ECF No. 11) seeking to continue all Scheduling Order deadlines from the fact discovery deadline through the pretrial motion deadline by two months. (*See* ECF No. 10.)

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Civil Local Rule 16.1(b) requires all counsel and parties to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." In determining whether there is "good cause" under Rule 16(b), the Court "primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists if the party can show that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*; *see also* Judge Skomal's Chambers' Rules (stating

Scheduling Orders will only be modified subject to a showing of good cause and that per Counsel's "duty of diligence," they must "take all steps necessary to bring an action to readiness for trial" pursuant to Civil Local Rule 16.1(b)). Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Johnson*, 975 F.2d at 609. If the moving party was not diligent, the inquiry should end. *Id.*

The Court has reviewed the parties' joint motion and finds they have not demonstrated good cause for a continuance of the fact discovery deadline. Although the parties have provided a chronology of their efforts to complete discovery, they have not explained why discovery that has not been completed cannot be completed by the existing November 12, 2019 fact discovery deadline. Further, Plaintiff has failed to explain why she waited until October 8, 2019, nearly three months after the Court issued its July 15, 2019 Scheduling Order (ECF No. 10), to serve Defendant with Interrogatories and Requests for Production.

Additionally, the parties state they still need to file a motion for entry of a proposed protective order and that they have not yet agreed on an ESI protocol. (ECF No. 11 at 2; ECF No. 11-1 at 2.) However, the parties stated in their June 28, 2019 Joint Discovery plan that they were meeting and conferring regarding these issues. (ECF No. 9 at 4-10 [outlining the parties' positions on ESI protocol and stating they are "negotiating a Stipulated Protective Order" and "anticipate filing with the Court in the next month"].) No explanation is provided for the parties' delay in finalizing these issues. Such delay does not demonstrate diligence. *See, e.g.*, *Sanchez v. Stryker Corp.*, No. 210CV8832ODWJCGX, 2012 WL 13006186, at *4 (C.D. Cal. Mar. 28, 2012) (failure to resolve a dispute over entry of a protective order "manifests a lack of diligence").

Finally, the parties state that an Independent Medical Examination, Plaintiff's deposition, and several depositions of unidentified fact witnesses, have not yet been completed. (ECF No. 11 at 3.) Other than a vague reference to scheduling issues, no other reasoning is provided for why the parties cannot complete these discovery tasks before the November 12, 2019 fact discovery cutoff. The parties must do more to warrant the

requested two-month extension.

Accordingly, the Joint Motion (ECF No. 11) is **DENIED without prejudice**. It is unlikely the Court will grant a blanket extension of the fact discovery deadline, but might, if good cause is shown, extend it for specific discovery items. For any such request, the parties must explicitly set forth the specific discovery (*e.g.*, timely noticed depositions, independent medical examination) for which they need an extension, as well as satisfy the good cause standard.

**IT IS SO ORDERED.**

Dated: October 17, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge