**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIE VEGA,<br><br>                        Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>                        Defendant. | Case No.: 3:19-CV-0663 W (BGS)<br><br>**ORDER GRANTING MOTION TO STRIKE EXHIBIT B TO TOBIN DECLARATION [DOC. 67] AND REQUESTING FURTHER BRIEFING REGARDING MOTIONS TO SEAL [DOC. 65, 68, 73, 76]** |

Defendant Honeywell International, Inc. ("Honeywell") has filed an unopposed motion to strike Exhibit B to the Declaration of Frank Tobin. (*Mot. to Strike* [Doc. 67] 1:12–14.) Good cause appearing, the Court **GRANTS** the motion to strike Exhibit B [Doc. 64-4].

In connection with Honeywell's pending summary-judgment motion [Doc. 64], Plaintiff Julie Vega and Honeywell have filed motions to file certain exhibits under seal, and to file redacted briefs, as well as the parties' joint statement of disputed and undisputed facts. (*See Def's Mot. to Seal* [Doc. 65]; *Pl's Mot. to Seal* [Doc. 68]; *Def's Mot. to Seal re. Reply* [Doc. 73]; *Jt. Mot. to File Jt. Statement Under Seal* [Doc. 76].)

1  The basis for all of the motions is a protective order issued by the Magistrate Judge
2  pursuant to the parties' November 1, 2019 joint motion [Doc. 19].  (*See Protective Order*
3  [Doc. 20].)  Based on that order, the parties argue the exhibits and information sought to
4  be sealed or redacted "contain confidential information regarding Defendant's business
5  practices and information implicating the privacy rights of other parties." (*See e.g. Def's
6  Mot. to Seal re. Reply* [Doc. 73] 1:18–21.)

7       "Historically, courts have recognized a 'general right to inspect and copy public
8  records and documents, including judicial records and documents.'" Kamakana v. City
9  and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner
10 Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)).  Although access to judicial records is
11 not absolute, there is a "narrow range" of documents that have traditionally been kept
12 secret for policy reasons: "grand jury transcripts and warrant materials in the midst of a
13 preindictment investigation." Id. (citing Times Mirror Co. v. United States, 873 F.2d
14 1210, 1219 (9th Cir. 1989)).  The importance of this narrow range is that "[u]nless a
15 particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of
16 access' is the starting point." Id. (citing Foltz v. State Farm Mutual Auto. Insurance
17 Company, 331 F.3d 1122, 1135 (9th Cir. 2003)).

18      "[T]he strong presumption of access to judicial records applies fully to dispositive
19 pleadings, including motions for summary judgment and related attachments."
20 Kamakana, 447 F.3d at 1179.  The reason is "because the resolution of a dispute on the
21 merits, whether by trial or summary judgment, is at the heart of the interest in ensuring
22 the 'public's understanding of the judicial process and of significant public events.'" Id.
23 (quoting Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1294 (9th Cir. 1986)).
24 "Thus, 'compelling reasons' must be shown to seal judicial records attached to a
25 dispositive motion." Id. (citing Foltz, 331 F.3d at 1136).  This standard applies "even if
26 the dispositive motion, or its attachments, were previously filed under seal or protective
27 order." Id.  Relying on "a blanket protective order is unreasonable and is not a
28

'compelling reason' that rebuts the presumption of access." Id. at 1183 (citing Foltz, 331 F.3d at 1138).

The compelling reasons standard imposes a high threshold on parties seeking to maintain the secrecy of documents attached to dispositive motions. Kamakana, 447 F.3d 1180. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (quoting Nixon, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (quoting Foltz, 331 F.3d at 1136).

In moving to seal documents attached to a dispositive motion, the party "must articulate compelling reasons supported by specific factual findings [citation] that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" Kamakana, 447 F.3d at 1178–79 (citations omitted). A broad, categorical approach that "[s]imply mention[s] a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." Id. at 1184.

Here, the parties' motions to seal do not come close to meeting the compelling interest standard. As stated above, they rely solely on the stipulated protective order and conclusory statement that the documents "contain confidential information regarding Defendant's business practices and information implicating the privacy rights of other parties." (*See e.g. Def's Mot. to Seal re. Reply* [Doc. 73] 1:18–21.)

Moreover, having reviewed many of the documents in evaluating the issues raised in Honeywell's pending summary-judgment motion, it appears the parties will have a difficult time overcoming the strong presumption of public access. Based on Kamakana, assertions that documents contain information related to "confidential business practices"

3

or "implicating the privacy rights of other parties" is not sufficient. For example, the parties seek to redact information related to an overseas trip and information from an internal investigation regarding Vega's removal from the trip. Presumably, the basis for this redaction is confidential business information. If so, the Court fails to understand how any of that information meets the compelling reasons standard. Nevertheless, before issuing an order on the pending motion, the Court will provide the parties another opportunity to satisfy the standard for sealing documents attached to the dispositive motion.

For the foregoing reasons, the Court **ORDERS** that on or before **March 12, 2021**, the parties shall submit amended briefing in support of the motions to seal that satisfy the compelling reasons standard discussed in Kamakana, 447 F.3d 1172. The briefs should also identify any documents that the parties no longer seek to be sealed. Failure to satisfy the compelling reasons standard will result in the document(s) being filed unsealed on the docket. Any opposition to the parties' amended briefing shall be filed on or before **March 19, 2021**.

Upon submission of the above briefing, the parties shall await further order of the Court.

**IT IS SO ORDERED**

Dated: February 25, 2021

Hon. Thomas J. Whelan
United States District Judge